James J. Tutchton (CA Bar No. 150908)
WildEarth Guardians
6439 E Maplewood Ave
Centennial, CO 80110
Phone: (303) 993-6744
Email: jtutchton@wildearthguardians.org

Attorney for Plaintiffs WildEarth Guardians and Elizabeth Crowe

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

WILDEARTH GUARDIANS and
ELIZABETH CROWE,

    Plaintiffs,

v.

LISA P. JACKSON,
in her official capacity as Administrator of the
United States Environmental Protection Agency,

    Defendant.

) Case No. CV 11 2205
)
) COMPLAINT FOR DECLARATORY
) AND INJUNCTIVE RELIEF
)
) (Clean Air Act, 42 U.S.C. §§ 7401 et. seq.)

## INTRODUCTION

1. Ground-level ozone ("ozone") pollution, commonly referred to as smog, represents a serious public health and welfare problem in many parts of the United States. Exposure to ozone pollution causes and/or aggravates numerous respiratory problems, including asthma, pneumonia and bronchitis. Moreover, the detrimental effects are not limited to public health, as ozone pollution also interferes with vegetation's ability to function properly. This results in decreased crop yields and damage to native ecosystems.

2. To protect against these and other adverse affects on human health and welfare, the United States Environmental Protection Agency promulgated a revised National Ambient Air Quality Standard for ozone in 1997. Areas whose air quality at that time was not meeting the standard were deemed "nonattainment" and required to submit state implementation plans on how to clean-up their air. The Environmental Protection Agency is required to take final action by approving or disapproving these state implementation plans, in full or in part, within 12 months of the date a submittal is deemed administratively complete. EPA has failed to take final action on Arizona's submittal addressing the 1997 ozone nonattainment area of Phoenix. Accordingly, Plaintiffs WILDEARTH GUARDIANS and ELIZABETH CROWE (collectively "Plaintiffs") file this lawsuit against Defendant LISA P. JACKSON, in her official capacity as Administrator of the Environmental Protection Agency (hereinafter Ms. Jackson may be referred to as "EPA"), to challenge her failure to perform this mandatory duty for the Phoenix area.

## JURISDICTION

3. This case is a Clean Air Act citizen suit. Therefore, the Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 42 U.S.C. § 7604(a)(2) (citizen suits for failure to perform a non-discretionary duty required by the Clean Air Act).

## NOTICE

4. WildEarth Guardians and Ms. Crowe mailed to EPA by certified mail, return receipt requested, written notice of intent to sue regarding the violation alleged in this Complaint. Plaintiffs mailed their notice of intent to sue letter on January 4, 2011. EPA received the notice letter on January 10, 2011. More than sixty days have passed since EPA received this notice of intent to sue letter. EPA has not remedied the violations alleged in this Complaint. Therefore, a present and actual controversy exists between the parties.

## VENUE

5. Defendant EPA resides in this judicial district. This civil action is brought against an officer of the United States acting in her official capacity and a substantial part of the events or omissions giving rise to the claims in this case occurred in the Northern District of California. The issue in this action involves EPA's failure to perform mandatory duties related to air quality

in Arizona. EPA Region 9, whose jurisdiction includes Arizona, is headquartered in San Francisco. Thus the events and omissions at issue in this action occurred at EPA's Region 9 headquarters in San Francisco. Therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391(e).

## INTRADISTRICT ASSIGNMENT

6. A substantial part of the events and omissions giving rise to the claim in this case occurred in the County of San Francisco. Accordingly, assignment to the San Francisco Division or the Oakland Division is proper pursuant to Civil L.R. 3-2(c) and (d).

## PARTIES

7. Plaintiff WILDEARTH GUARDIANS is a non-profit conservation organization with offices in Arizona, Colorado, and New Mexico. WildEarth Guardians protects and restores wild rivers, wildlife and wild places in the American West. A critical component of this work is helping to foster an ethic of appreciation by allowing people to enjoy such wildlife, wild rivers and wild places.

8. Members of WildEarth Guardians live, work, study, recreate, engage in other economic activities and obtain spiritual benefits, and will continue to do so regularly, in and around areas impacted by air pollution from the Phoenix nonattainment area in Arizona.

9. Plaintiff ELIZABETH CROWE regularly travels for work and recreation to and through areas impacted by air pollution from the Phoenix nonattainment area and will continue to do so on a regular basis.

10. Ms. Crowe and WildEarth Guardians' members have a diminished ability to enjoy recreational opportunities in the respective areas impacted by ozone pollution. Ozone pollution in the impacted areas threatens, and will continue to threaten, the health, welfare and economic interests of Ms. Crowe and WildEarth Guardians' members.

11. EPA's failure to timely perform the mandatory duty described herein also adversely affects Ms. Crowe and WildEarth Guardians' staff and members, depriving them of procedural protection and opportunities as well as information to which they are entitled to under the Act.

1 | The failure of EPA to perform its mandatory duty also creates uncertainty for Ms. Crowe and
2 | WildEarth Guardians' staff and members as to whether they are exposed to excess air pollution.
3 | 12. The above injuries will continue until the Court grants the relief requested herein.
4 | 13. Defendant LISA P. JACKSON is the Administrator of the United States Environmental
5 | Protection Agency. In that role Administrator Jackson has been charged by Congress with the
6 | duty to administer the Clean Air Act, including the mandatory duty at issue in this case.

## GENERAL ALLEGATIONS

8 | 14. Congress enacted the Clean Air Act to "speed up, expand, and intensify the war against
9 | air pollution in the United States with a view to assuring that the air we breathe throughout the
10 | Nation is wholesome once again." H.R.Rep. No. 1146, 91st Cong., 2d Sess. 1,1, 1970 U.S. Code
11 | Cong. & Admin. News 5356, 5356. To promote this, the Act requires the Administrator to set
12 | National Ambient Air Quality Standards for certain pollutants, including ozone. National
13 | Ambient Air Quality Standards establish maximum allowable concentrations in the air of these
14 | pollutants.
15 | 15. Each National Ambient Air Quality Standard must be stringent enough to protect public
16 | health and welfare. Effects on welfare include, but are not limited to, effects on soils, water,
17 | vegetation, manmade materials, wildlife, visibility (i.e., haze), climate, damage to property,
18 | economic impacts, and effects on personal comfort and well-being.
19 | 16. Pursuant to 42 U.S.C. § 7407(d)(1)(A), areas that fail to meet the National Ambient Air
20 | Quality Standard for a pollutant are designated "nonattainment" for that pollutant, while those
21 | that meet the standard are designated "attainment." See, e.g., Sierra Club v. E.P.A., 129 F.3d
22 | 137, 138 (D.C. Cir. 1997).
23 | 17. States must submit state implementation plans to maintain pollution levels below the
24 | National Ambient Air Quality Standard in attainment areas and to bring down pollution levels to
25 | below the National Ambient Air Quality Standard in nonattainment areas. See South Coast Air
26 | Quality Management Dist. v. E.P.A., 472 F.3d 882, 887 (D.C. Cir. 2006) (discussing ozone
27 | nonattainment requirements found in 42 U.S.C. §§ 7511-7511f that apply to areas failing to
28 | reach attainment by the 1990 Clean Air Act Amendments); see also Sierra Club v. E.P.A., 129

F.3d at 138 ("EPA must establish…a schedule by which the state must submit a [State Implementation Plan] revision that complies with the requirements for nonattainment areas in order to attain the [National Ambient Air Quality Standard]….") (citation omitted).

18. The Clean Air Act requires EPA to determine whether any state implementation plan submittal is administratively complete. See 42 U.S.C. § 7410(k)(1)(B). If, six months after a state submits a state implementation plan, EPA has not made a completeness finding and has not found the submittal to be incomplete, the submittal is deemed administratively complete by operation of law. Id.

19. EPA has a mandatory duty to take final action on a submittal by approving in full, disapproving in full, or approving in part and disapproving in part within 12 months of the date the submittal is deemed administratively complete. 42 U.S.C. § 7410(k)(2).

20. EPA revised the ozone National Ambient Air Quality Standard in 1997, replacing the 1-hour standard with an 8-hour standard. 62 Fed. Reg. 38856 (July 18, 1997).

21. In implementing the 1997 ozone standard, EPA originally created two categories of nonattainment areas: "subpart 1" for areas designated nonattainment under Title I, Part D subpart 1 of the Clean Air Act, 42 U.S.C. §§ 7501-7509a, and "subpart 2" for areas designated nonattainment under Title I, Part D, subpart 2 of the Clean Air Act, 42 U.S.C. §§ 7511-7511f. See 69 Fed. Reg. 23858 (April 30, 2004).

22. Several parties challenged provisions of the Phase 1 Rule in South Coast, 472 F.3d 882 (D.C. Cir. 2006), reh'g denied 489 F.3d 1245 (clarifying the vacatur is limited to issues on which the Court granted petitions for review). Finding that EPA's Phase 1 Rule "trespassed into areas where Subpart 2 unquestionably applies" by separately regulating the subpart 1 areas, the Court held that the provisions of the Phase 1 Rule placing 1997 ozone 8-hour nonattainment areas under subpart 1 instead of subpart 2 violates the Clean Air Act. South Coast, 472 F.3d at 895.

23. Though EPA cannot ignore subpart 2 and the additional requirements it imposes on nonattainment areas, the nonattainment designations made under subpart 1 continue to apply.

24. There is a proposed rule in which EPA proposes to reclassify the subpart 1 areas that continue to be in nonattainment for the 1997 ozone 8-hour National Ambient Air Quality

5

Standard under subpart 2. 74 Fed. Reg. 2936, 2939-40 (January 16, 2009). However, this rule has not been finalized and thus has no legal effect.

25. EPA designated the Phoenix-Mesa area nonattainment for the 1997 ozone 8-hour National Ambient Air Quality Standard under subpart 1 in 2004. 69 Fed. Reg. 23858, 23878-79 (April 30, 2004).

26. EPA has not redesignated the Phoenix-Mesa area to attainment or unclassifiable for the 1997 ozone 8-hour National Ambient Air Quality Standard.

## CLAIM FOR RELIEF

### CLAIM ONE

(EPA's Failure to Take Final Action on Arizona's State Implementation Plan Submittal Addressing the 1997 8-hour Ozone Nonattainment Area of Phoenix-Mesa)

27. Plaintiffs incorporate by reference paragraphs 1 through 26.

28. Arizona submitted a state implementation plan addressing certain requirements for the 1997 8-hour ozone nonattainment area of Phoenix-Mesa, which was administratively complete by no later than December 13, 2007. See EPA, Status of SIP Requirements for Designated Areas – Arizona SIP Requirements by Pollutant/Area (available at http://www.epa.gov/air/urbanair/sipstatus/reports/az_elembypoll.html#ozone-8hr__1997__703) (last viewed February 24, 2011).

29. Pursuant to 42 U.S.C. § 7410(k)(2), EPA is required to take final action on Arizona's state implementation plan submittal addressing the 1997 8-hour ozone nonattainment area of Phoenix-Mesa by approving in full, disapproving in full, or approving in part and disapproving in part by no later than December 13, 2008.

30. EPA has failed to perform this mandatory duty by not approving in full, disapproving in full, or approving in part and disapproving in part Arizona's submittal for the 1997 8-hour ozone nonattainment area of Phoenix-Mesa.

31. Accordingly, EPA is in violation of its mandatory duty under 42 U.S.C. § 7410(k)(2) to take final action on Arizona's submittal addressing the 1997 8-hour ozone nonattainment area of Phoenix-Mesa.

## REQUEST FOR RELIEF

WHEREFORE, WildEarth Guardians and Elizabeth Crowe respectfully request that the Court:

A. Declare that the Administrator is in violation of the Clean Air Act with regard to her failure to perform the mandatory duty listed above;

B. Issue a mandatory injunction requiring the Administrator to perform her mandatory duty by a certain date;

C. Retain jurisdiction of this matter for purposes of enforcing and effectuating the Court's order;

D. Grant WildEarth Guardians and Elizabeth Crowe their reasonable costs of litigation, including attorneys' and expert fees; and

E. Grant such further relief as the Court deems just and proper.

Respectfully submitted,

James J. Tutchton
WildEarth Guardians
6439 E Maplewood Ave
Centennial, CO 80110
Phone: (303) 993-6744
Email: jtutchton@wildearthguardians.org

Dated: May 1, 2011

OF COUNSEL:

Robert Ukeiley
Law Office of Robert Ukeiley
435R Chestnut Street, Suite 1
Berea, KY 40403
Tel: (859) 986-5402
Fax: (866) 618-1017
E-mail: rukeiley@igc.org