IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| WILDEARTH GUARDIANS AND ELIZABETH CROWE, <br><br> Plaintiffs, <br><br> v. <br><br> LISA P. JACKSON, in her official capacity as Administrator of the United States Environmental Protection Agency, <br><br> Defendant. | Case No. 4:11-cv-02205-SI <br><br> CONSENT DECREE |

WHEREAS, on May 5, 2011, Plaintiffs WildEarth Guardians and Elizabeth Crowe filed the complaint in the above-captioned matter against Lisa P. Jackson, in her official capacity as Administrator of the United States Environmental Protection Agency ("EPA"), alleging that EPA has failed to undertake a certain nondiscretionary duty under the Clean Air Act ("CAA"), 42 U.S.C. §§ 7401-7671q, and that such alleged failure is actionable under section 304(a)(2) of the CAA, 42 U.S.C. § 7604(a)(2);

WHEREAS, section 172(c) of the CAA, 42 U.S.C. § 7502(c), requires States to adopt and submit to EPA for review state implementation plans ("SIPs"), which establish specific control measures and other requirements that apply to particular sources of air pollution within a State and are designed to attain the National Ambient Air Quality Standards ("NAAQS")

established by EPA that specify the maximum permissible concentrations for those pollutants in the ambient air, *see* 42 U.S.C. §§ 7408, 7409;

WHEREAS, section 110(k) of the CAA, 42 U.S.C. § 7410(k), sets the process by which EPA is to review SIP submissions, including SIP revisions;

WHEREAS, Plaintiffs' complaint alleges that EPA has a nondiscretionary duty to act on SIP submissions and revisions submitted to EPA within the time lines set forth in section 110(k)(2) of the CAA, 42 U.S.C. § 7410(k)(2);

WHEREAS, Plaintiffs' complaint alleges that EPA has failed to take timely final action to approve, disapprove, or partially approve/disapprove Arizona's SIP for the 1997 8-hour ozone nonattainment area of Phoenix-Mesa, Arizona, which was submitted to EPA on or about June 13, 2007 (hereinafter, "Phoenix-Mesa SIP");

WHEREAS, Plaintiffs' complaint seeks an order from this Court directing EPA to take final action on the Phoenix-Mesa SIP pursuant to section 110(k) of the CAA;

WHEREAS, the parties have agreed to settle this action without admission of any issue of fact or law;

WHEREAS, the parties, by entering into this Consent Decree, do not waive or limit any claim or defense, on any grounds, related to any final EPA action;

WHEREAS, the parties consider this Consent Decree to be an adequate and equitable resolution of all of the claims in this matter;

WHEREAS, it is in the interest of the public, the parties, and judicial economy to resolve this matter without protracted litigation;

WHEREAS, the parties agree that this Court has jurisdiction over this matter pursuant to the citizen suit provision in section 304(a)(2) of the CAA and that venue lies in the Northern District of California;

WHEREAS, the Court, by entering this Consent Decree, finds that the Consent Decree is fair, reasonable, in the public interest, and consistent with the CAA;

NOW THEREFORE, before the taking of testimony, without trial or determination of any issue of fact or law, and upon the consent of the parties, it is hereby ordered, adjudged and decreed that:

1. Pursuant to section 110(k) of the CAA, and except as provided in Paragraphs 5 and 6 below, EPA shall sign for publication in the Federal Register no later than May 31, 2012 a notice of the Agency's final action on the portions of the Phoenix-Mesa SIP that do not pertain to New Source Review ("NSR") and within 15 business days of signature deliver the notice to the Office of the Federal Register for review and publication.

2. Pursuant to section 110(k) of the CAA, and except as provided in Paragraphs 5 and 6 below, EPA shall sign for publication in the Federal Register no later than October 31, 2012 a notice of the Agency's final action on the portions of the Phoenix-Mesa SIP that pertain to NSR and within 15 business days of signature deliver the notice to the Office of the Federal Register for review and publication.

3. When EPA's obligations under Paragraphs 1 and 2 have been completed, the parties will file a joint request to the Court to dismiss this matter with prejudice.

4. The parties may extend the deadlines established in Paragraphs 1, 2, and 12 by written stipulation executed by counsel and filed with the Court.  In addition, the deadlines

established in Paragraphs 1, 2, and 12 may be extended by the Court upon motion by any party to this Consent Decree.

5. If EPA takes final action on its proposed rule to classify the Phoenix-Mesa, Arizona nonattainment area under Title I, part D, subpart 2 of the Act, 42 U.S.C. §§ 7511-7511f, before May 31, 2012, 74 Fed. Reg. 2396 (Jan. 16, 2009), then EPA's obligations under Paragraphs 1 and 2 shall be voided. If EPA takes this final action, the parties will file a joint request to the Court to dismiss this matter with prejudice. If EPA takes final action on its proposed rule to classify the Phoenix-Mesa, Arizona nonattainment area under Title I, part D, subpart 2 of the Act, 42 U.S.C. §§ 7511-7511f, before October 31, 2012, 74 Fed. Reg. 2396 (Jan. 16, 2009), then EPA's obligation under Paragraph 2 shall be voided. If EPA takes this final action, the parties will file a joint request to the Court to dismiss this matter with prejudice.

6. If EPA takes final action redesignating the Phoenix-Mesa, Arizona nonattainment area to attainment or unclassifiable before May 31, 2012, then EPA's obligation under Paragraph 1 shall be voided. If EPA takes this final action, the parties will file a joint request to the Court to dismiss this matter with prejudice. If EPA takes final action redesignating the Phoenix-Mesa, Arizona nonattainment area to attainment or unclassifiable before October 31, 2012, then EPA's obligation under Paragraph 2 shall be voided. If EPA takes this final action, the parties will file a joint request to the Court to dismiss this matter with prejudice.

7. Nothing in this Consent Decree shall be construed to limit or modify the discretion accorded EPA by the CAA and by general principles of administrative law, including the discretion to alter, amend or revise any response and/or final action contemplated by this Consent Decree. EPA's obligation to take the action set forth in Paragraphs 1 and 2 by the time

specified therein does not constitute a limitation or modification of EPA's discretion within the meaning of this paragraph.

8.   Nothing in this Consent Decree shall be construed to confer upon the district court jurisdiction to review any decision made in the final action identified in Paragraphs 1 or 2.

9.   The Court shall retain jurisdiction to enforce the terms of this Consent Decree and to consider any requests for costs of litigation, including attorneys' fees.

10.   In the event of a dispute between the parties concerning the interpretation or implementation of any aspect of this Consent Decree, the disputing party shall provide the other party with a written notice via e-mail or otherwise outlining the nature of the dispute and requesting informal negotiations. If the parties cannot reach an agreed-upon resolution within ten (10) business days after receipt of notice, any party may move the Court to resolve the dispute.

11.   No motion or other proceeding seeking to enforce this Consent Decree shall be considered properly filed, unless Plaintiffs have followed the procedure set forth in Paragraph 10 and provided EPA with written notice received at least ten (10) business days before the filing of such motion or proceeding.

12.   EPA agrees that, pursuant to section 304(d) of the CAA, 42 U.S.C. § 7604(d), Plaintiffs are both eligible and entitled to recover its costs of litigation in this action, including reasonable attorneys' fees, incurred prior to entry of this Consent Decree. The deadline for filing a bill of costs pursuant to Local Rule 54-1 and a motion for costs of litigation, including reasonable attorneys' fees, pursuant to Local Rule 54-6 for activities performed in this case prior to entry of this Consent Decree, is hereby extended until 90 days after the date on which the

Court enters this Consent Decree. During this time the parties shall seek to resolve informally any claim for costs of litigation, including reasonable attorneys' fees.

13. The obligations imposed by EPA under this Consent Decree may only be undertaken using appropriated funds. No provisions of this Consent Decree shall be interpreted as or constitute a commitment or requirement that EPA obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or any other applicable federal law.

14. Plaintiffs and EPA shall not challenge the terms of this Consent Decree or this Court's jurisdiction to enter this Consent Decree.

15. The parties agree and acknowledge that before this Consent Decree is entered by the Court, EPA must provide notice of this Consent Decree in the Federal Register and an opportunity for public comment pursuant to section 113(g) of the CAA, 42 U.S.C. § 7413(g). After this Consent Decree has undergone notice and comment, the Administrator and/or the Attorney General, as appropriate, shall promptly consider any such written comments in determining whether to withdraw or withhold their consent to the Consent Decree, in accordance with section 113(g) of the CAA. If the Administrator and/or the Attorney General do not elect to withdraw or withhold their consent, EPA shall promptly file a motion that requests the Court to enter this Consent Decree.

16. Any notices required or provided for by this Consent Decree shall be made in writing, via facsimile, e-mail or other means, and sent to the following:

For Plaintiffs:

>   Robert Ukeiley
>   Law Office of Robert Ukeiley
>   435R Chestnut Street, Suite 1
>   Berea, Kentucky 40403
>   Tel:   (859) 986-5402
>   Fax:   (866) 618-1017

Email: rukeiley@igc.org

For Defendant:

Michelle R. Lambert
Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Defense Section
P.O. Box 23986
Washington, D.C. 20026-3986
Tel: (202) 616-7501
Fax: (202) 514-8865
Email: michelle.lambert@usdoj.gov

Jan Tierney
Office of the General Counsel
U.S. Environmental Protection Agency
Ariel Rios Bldg. MC 2344A
1200 Pennsylvania Ave., NW
Washington, D.C. 20460
Phone: (202) 564-5598
Fax: (202) 564-5603
Email: tierney.jan@epa.gov

17. The undersigned representatives of each party certify that they are fully authorized by the party that they represent to bind that party to the terms of this Consent Decree.

**IT IS SO ORDERED.**

Dated: __8/10/11__  _____
UNITED STATES DISTRICT JUDGE

COUNSEL FOR PLAINTIFFS:

Dated: 6/7/2011                    /s James J. Tutchton (with permission)
                                   _____
                                   James J. Tutchton (CA Bar No. 150908)
                                   WildEarth Guardians
                                   6439 E Maplewood Ave
                                   Centennial, CO 80110
                                   Phone: (303) 993-6744

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Email: jtutchton@wildearthguardians.org

*Attorney for Plaintiffs WildEarth Guardians and Elizabeth Crowe*

COUNSEL FOR DEFENDANT:

IGNACIA S. MORENO
Assistant Attorney General
Environment & Natural Resources Division

Dated: 6/7/2011

/s/ Michelle R. Lambert
Michelle R. Lambert
Trial Attorney
U.S. Department of Justice
Environmental Defense Section
P.O. Box 23986
Washington, D.C. 20026-3986
Tel: (202) 616-7501
Fax: (202) 514-8865
michelle.lambert@usdoj.gov

*Attorneys for Defendant*